UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEE ROY STALLMAN

    Plaintiff,

                                                    Civil Case No. 22-12635

v.

OAKLAND COUNTY, *ET AL.*,        Sean F. Cox
                                               United States District Court Judge

    Defendants.
_____/

**ORDER
GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND
DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
OVER STATE-LAW CLAIMS**

Acting *pro se*, Plaintiff Lee Roy Stallman filed this action on November 2, 2022, along with an application to proceed *in forma pauperis*. Plaintiff's complaint names the following Defendants: 1) Oakland County; 2) Oakland County Sheriff Deputy Darius Zajac; and 3) unidentified members of the Oakland County Sheriff.

Because the complaint initially filed by Plaintiff was unsigned, this Court issued a Show Cause Order on November 7, 2022, addressing that issue. Plaintiff promptly responded by filing a new, and signed, complaint on November 8, 2022. (ECF No. 7). Thus, that is the operative complaint in this case.

This Court has federal-question jurisdiction over this case because Plaintiff's complaint asserts the following federal claims: 1) a § 1983 "First Amendment Claim - Violation Of The Plaintiff's Right To Freedom of Speech" (numbered as Count I), asserted against Zajac; 2) a

§ 1983 "Fourth Amendment Claim – Unreasonable Seizure-Arrest Without Probable Cause" claim against Zajac (numbered as Count II); 3) a § 1983 "Substantive Due Process" claim against Zajac (also numbered as Count II); and 4) a § 1983 "Municipal Liability" claim against Oakland County (Count VI).

Plaintiff's complaint also asserts the following state-law claims, over which this Court may choose to exercise supplemental jurisdiction: 1) a claim for "Intentional Infliction Of Emotional Distress" asserted against Zajac (not numbered in Plaintiff's Complaint); 2) a common law claim of "False Arrest," asserted against Zajac (numbered as Count III); and 3) a common law claim of "Malicious Prosecution" claim against Zajac (numbered as Count IV).

I.   **The Court Grants Plaintiff's Application To Proceed *In Forma Pauperis*.**

Along with his complaint, Plaintiff filed an application to proceed *in forma pauperis* Indigent litigants may request a waiver of filing fees under 28 U.S.C. § 1915.  Having reviewed Plaintiff's application to proceed *in forma pauperis*, this Court **GRANTS** that application. The clerk is ordered to issue summons upon receipt of the completed summons and USM-285 form for each defendant. The United States Marshal is ordered to serve the completed summons with a copy of the complaint on the defendants. The United States will advance the costs of service.  If the completed summons and USM-285 forms are not submitted as directed, the complaint may be dismissed.

II.  **The Court Declines To Exercise Supplemental Jurisdiction Over Plaintiff's State-Law Claims And Dismisses Those Claims Without Prejudice.**

This Court's subject matter jurisdiction over this case stems from Plaintiff's federal claims.  The Court may exercise supplemental jurisdiction over the state-law claims, but

supplemental jurisdiction is a "'doctrine of discretion." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). "[D]istrict courts can decline to exercise supplemental jurisdiction over pendant claims for a number of valid reasons." *City of Chicago, supra.*

The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that district courts may decline to exercise supplemental jurisdiction over a claim when: 1) the claim raises a novel or complex issue of state law; 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; 3) the district court has dismissed all claims over which it has original jurisdiction, or 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). A district court's decision as to whether to exercise supplemental jurisdiction over a plaintiff's state-law claims is reviewed for abuse of discretion. *Soliday v. Miami Cnty.*, Ohio, 55 F.3d 1158, 1164 (6th Cir. 1995).

The Court concludes that Plaintiff's state-law claims would predominate over the federal claims asserted in this action. In addition, the Court finds that the potential for jury confusion in this case would be great if Plaintiff's federal claims were presented to a jury along with Plaintiff's state-law claims. Thus, the potential for jury confusion is yet another reason for this Court to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

Accordingly, the Court **DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION** over any state-law claims in this action and **DISMISSES** all state-law claims (false arrest, malicious prosecution, and intentional infliction of emotional distress) in this action **WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: November 14, 2022