UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LEE ROY STALLMAN**,

    Plaintiff,

v.

**OAKLAND COUNTY**, Michigan; and
**DARIUS ZAJAC**, Deputy Sheriff,
Oakland County Sheriff's Department, in
his individual capacity for money damages,

    Defendants.

Case No. 2:22-cv-12635-SFC-APP
HONORABLE SEAN F. COX
MAG. JUDGE ANTHONY P. PATTI

_____/

| | |
|---|---|
| **LEE ROY STALLMAN**<br>Plaintiff, *pro se*<br>30420 Dequindre, #2<br>Warren, MI 48092<br>Telephone: (248) 521-0662<br>Email: leeroystallman@yahoo.com | **SOLON M. PHILLIPS (P65035)**<br>Oakland County Corporation Counsel<br>By:   **AARON C. THOMAS (P55114)**<br>     Deputy Corporation Counsel<br>     **KYLE HEIKA (P78833)**<br>     Sr. Assistant Corporation Counsel<br>Attorneys for Defendants<br>1200 N. Telegraph Rd., Bldg. 14E<br>Pontiac, MI 48341-0419<br>Telephone: (248) 975-9616<br>Telephone: (248) 858-4097<br>Email: heikak@oakgov.com |

_____/

## PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT[1] AND JURY DEMAND

---

[1] The instant pleading is submitted pursuant to *Fed. R. Civ. P.* 15(a)(1)(B) ("(1) A party may amend its pleading once as a matter of course within:*** (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").  A Stipulation and Order (ECF No. 21) provides for Plaintiff to have up to and including March 22, 2023, to submit the instant pleading.

1

## I.   JURISDICTION

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States") and 42 U.S.C. § 1983 ("[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]").

## II.   VENUE

2. Venue is based in accordance with the provisions of 28 U.S.C. § 1391(b)(2) ("(b) A civil action may be brought in*** (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[]"), as all events giving rise to Plaintiff's claims occurred in Oakland County, Michigan, and the Eastern District of Michigan—Southern Division—is the appropriate venue for hearing such claims.  28 U.S.C. § 102(a)(1).

## III.   PARTIES

3. Plaintiff, **LEE ROY STALLMAN**, is a "person" and currently is a resident of the County of Macomb, Michigan.

4. Defendant, **OAKLAND COUNTY**, **Michigan**, is a county within the State of Michigan and is composed of 62 cities, townships, and villages.

5. Defendant, **DARIUS ZAJAC**, is a "person" who was at all times relevant to the instant First Amended Complaint employed by Defendant County of Oakland in the capacity of deputy sheriff, and as such Defendant Zajac acted under color of state law at all times during the course of events which give rise to the instant First Amended Complaint.

### IV.     STATEMENT OF FACTS[2]

6. On or about October 31, 2019, Plaintiff made a phone call to the Oakland County Sheriff's Department ("OCSD") and requested assistance with obtaining his final paycheck and some personal property/paperwork at his former employer's place of business (Sweetland Transportation) located in Oxford.

---

[2] *Fed. R. Civ. P*. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Fed. R. Civ. P*. 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Moreover, *Fed. R. Civ. P*. 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  This amendment cures the deficiencies complained of by Defendants in their prior Answer to Plaintiff's Complaint. (ECF No. 18, PageID.153) ("The Complaint (ECF No. 7) does not comply with FRCP Rule 8 or Rule 10.").  In addition, all references by Plaintiff in his Complaint (ECF No. 7) to audio/video recordings, documents (such as police reports and witness statements) and uncertified transcriptions of such are deleted in this amendment because the insertion thereof within a complaint absent authenticity is improper under *Fed. R. Civ. P*. 10(c).

7. On or about October 31, 2019, after Plaintiff made the referenced call in ¶ 6, Defendant Deputy Darius Zajac met Plaintiff in front of Sweetland Transportation.

8. Upon his arrival at Sweetland Transportation on or about October 31, 2019, Defendant Zajac asked Plaintiff what assistance he needed.

9. In response to Defendant Zajac's question, as referenced in ¶ 8, Plaintiff replied by stating that he needed assistance with obtaining (1) a laptop computer which was left in a vehicle of Sweetland Transportation on or about October 18, 2019, (2) a copy of a contract which was entered into between Sweetland Transportation and Plaintiff upon his hire, and (3) information from Sweetland Transportation regarding Plaintiff's last paycheck and/or a purported "tracking number" for its purported mailing by Sweetland Transportation to Plaintiff.

10. After obtaining the request for assistance from Plaintiff as set forth in ¶ 9, and obtaining further clarification from Plaintiff, Defendant Zajac went inside of the Sweetland Transportation offices.

11. After some back and forth between Defendant Zajac, Sweetland Transportation employees, and Plaintiff regarding the assistance which Plaintiff had requested (*see* ¶ 9), Defendant Zajac informed Plaintiff that his final paycheck was sent to Plaintiff and that there did not exist any property of Plaintiff's (but Plaintiff

was free to return on "Monday" to speak with the owner of Sweetland Transportation).

12. On or about November 1, 2019, Defendant Zajac was observed by Plaintiff driving in Oxford near Plaintiff's seasonal campsite (Horseshoe Lake Campground) and, Plaintiff observed that Defendant Zajac pulled onto the road which leads to the property of Sweetland Transportation.

13. After observing Defendant Zajac's apparent destination, as set forth in ¶ 12, Plaintiff headed to the same area and observed that Defendant Zajac's official OCSD vehicle was parked in front of the business and that Defendant Zajac was not inside of the vehicle (indicating he was in fact inside of the business).

14. Plaintiff was parked away from the business on Mullins Court & Oakwood at the side of the roadway, facing west (away from the business property, but facing it).

15. While Plaintiff was observing/waiting for Defendant Zajac to exit the business Plaintiff engaged in a conversation with a person who was a truck driver dropping off a load at the factory across the road, during this time, Plaintiff observed two female employees of the business walking from its office to the property line, at which time Plaintiff waved to them in acknowledgement of their presence (at which time they turned away and headed back to the office of the business).

16.     Defendant Zajac eventually exited the business and after he pulled out of the business he rolled to a stop near Plaintiff and at that time Plaintiff asked Defendant Zajac if he was "stalking" Plaintiff.

17.     Defendant Zajac exited his vehicle and approached Plaintiff. At this time Plaintiff had his cell phone raised and announced that he was going to call OCSD and was attempting to video record his encounter with Defendant Zajac, at which time Defendant Zajac closed the space between Plaintiff and himself and made an attempt to snatch the cell phone away from Plaintiff. After Defendant Zajac's first attempt proved unsuccessful, Defendant Zajac again reached to grab Plaintiff's hand and, at this time, stated "you're under arrest."

18.     Plaintiff inquired as to why he was under arrest by Defendant Zajac and was told "disorderly" at first, then Plaintiff was told by Defendant Zajac the arrest was for "disorderly person."

19.     Once Defendant Zajac announced the arrest of Plaintiff for "disorderly person" Defendant Zajac attempted to tackle Plaintiff, who side stepped the tackle and assumed a non-combative arrest position by placing both hands on the hood of his truck and spreading his legs appropriately.

20.     Defendant Zajac yelled at Plaintiff, telling him to "get down on the ground" (all while pulling his taser from its holster).

21. Plaintiff complied with Defendant Zajac's loud rant directing Plaintiff to get on the ground by getting on both knees and at this time Defendant Zajac shot Plaintiff in the back with the taser from approximately 12 feet away, causing Plaintiff severe and unjustified pain by means of electrical shock waves flowing through his body.

22. Defendant Zajac immediately jumped onto Plaintiff's back after shooting the taser and rested his body weight upon Plaintiff's back while placing handcuffs on Plaintiff, causing Plaintiff unnecessary severe and unjustified pain.

23. At the *moment* of placing Defendant under arrest and using force by means of bodily contact and taser Defendant Zajac lacked probable cause to make an arrest of Plaintiff for any criminal offense.

24. Plaintiff was on public property at all times relevant to the facts leading up to the arrest by Defendant Zajac.

25. Plaintiff was not subject to any court injunctive decrees which prohibited Plaintiff from being at the location where Defendant Zajac effectuated the arrest on November 1, 2019.

26. With respect to employees of the Sweetland Transportation business who observed Plaintiff on November 1, 2019, before his arrest, those employees purposely chose to approach the area off company property where Plaintiff was parked and waiting for Defendant Zajac.

27. The force used by Defendant Zajac to effectuate the arrest of Plaintiff on November 1, 2019 was excessive.

28. Plaintiff was kept in handcuffs for an unreasonable amount of time before they were replaced with "double cuffs," causing unnecessary pain during the arrest process and while being taken to a OCSD substation and Oakland County Jail ("OCJ").

29. Plaintiff was subsequently detained by Defendant Zajac on November 1, 2019, and on or about November 2, 2019, was charged by the Oakland County Prosecutor with a violation of Mich. Comp. Laws § 750.81d(1) in connection with his "arrest" by Defendant Zajac.[3]

30. Defendant Zajac, by his false reports and deliberately stated verbal and written factual misrepresentations to the Oakland County Prosecutor with respect to

---

[3] The statute reads: "Except as provided in subsections (2), (3), and (4), an individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both." Mich. Comp. Laws § 750.81d(1). Of course, in Michigan "the right to resist unlawful arrests, and other unlawful invasions of private rights, is well established in our state's common law. In explaining the common-law right to resist an unlawful arrest, this Court has stated that one may use such reasonable force as is necessary to prevent an illegal attachment and to resist an illegal arrest and that the basis for such preventive or resistive action is the illegality of an officer's action, to which [a] defendant immediately reacts." *People v. Moreno*, 491 Mich. 38; 814 N.W.2d 624, 628 (Mich. 2012) (quotations and citations omitted).

Plaintiff purportedly resisting and obstructing arrest, influenced the decision to prosecute Plaintiff.[4]

31.     Defendant Zajac's arrest of Plaintiff and the resulting felony charge caused Plaintiff to (1) be lodged in OCJ custody for several days, and (2) be restricted in movement by means of "house arrest" and/or monitored electronically via "tether" bail conditions.

32.     On September 21, 2021, the Oakland County Circuit Court ruled that Plaintiff's arrest was in violation of the Fourth Amendment for a lack of probable cause and granted Plaintiff's motion to suppress evidence and quash the Information charging Plaintiff with a violation of Mich. Comp. Laws § 750.81d(1).

33.     On December 9, 2021, a final Order of Dismissal with prejudice was entered by the Oakland County Circuit Court in Plaintiff's criminal case, *People of the State of Michigan v. Lee Roy Stallman*, Oakland County Circuit Court Docket No. 2019-272944-FH (Kumar, *J.*).[5]

---

[4] The purported basis for Plaintiff's original "arrest" of Plaintiff, *i.e.*, "disorderly person," was not the basis for any charge raised at any time in the Michigan courts.

[5] Judge Kumar as since taken a seat on the U.S. District Court for the Eastern District of Michigan.

## V.     CAUSES OF ACTION

### A.     First Cause of Action

34. Plaintiff incorporates by reference ¶¶ 1-33, *supra.*, as if set forth fully herein.

35. The actions of **DEFENDANT DARIUS ZAJAC**, as set forth in ¶¶ 1-34, *supra.*, violated Plaintiff's rights under U.S. Const., Amend. IV to be free from arrest without a warrant because **DEFENDANT DARIUS ZAJAC** arrested Plaintiff without facts existing to make a finding that "probable cause" existed at the moment **DEFENDANT DARIUS ZAJAC** communicated and effectuated that arrest on or about November 1, 2019.

### B.     Second Cause of Action

36. Plaintiff incorporates by reference ¶¶ 1-35, *supra.*, as if set forth fully herein.

37. The actions of **DEFENDANT DARIUS ZAJAC**, as set forth in ¶¶ 1-36, *supra.*, violated Plaintiff's rights under U.S. Const., Amend. IV to be free from continued detentions and encroachments upon liberty because of the continued lack of probable cause from after arrest on or about November 1, 2019, through the time of dismissal of the criminal case on or about September 29, 2021, and **DEFENDANT DARIUS ZAJAC** caused said unlawful detentions and encroachments upon Plaintiff's liberty by his false reports and deliberately stated

verbal and written factual misrepresentations to the Oakland County Prosecutor with respect to Plaintiff purportedly resisting and obstructing arrest.[6]

### C.   Third Cause of Action

38.   Plaintiff incorporates by reference ¶¶ 1-37, *supra*., as if set forth fully herein.

39.   The actions of **DEFENDANT DARIUS ZAJAC**, as set forth in ¶¶ 1-38, *supra*., violated Plaintiff's rights under U.S. Const., Amend. I to film police activity in a public setting where there was no present danger of harm to officers or others.

### D.   Fourth Cause of Action

40.   Plaintiff incorporates by reference ¶¶ 1-39, *supra*., as if set forth fully herein.

41.   At all times relevant herein, as set forth in ¶¶ 1-40, **DEFENDANT OAKLAND COUNTY**, acting through its supervisory officers and officials, by its own customs, policies or practices, failed to establish, maintain or enforce proper police procedures, hiring standards and practices, training practices, as well as

---

[6] The Fourth Amendment claims are separate and distinct. *See Tlapanco v. Elges*, 969 F. 3d 638, 654 n. 3 (6th Cir. 2020) ("The concurrence points to the mislabeling of the 'malicious prosecution' offense as such. Indeed, this court has noted that this label is a 'misnomer,' and is better labeled as the right 'to be free from continued detention without probable cause.'") (quoting *Gregory v. City of Louisville*, 444 F.3d 725, 747, 750 (6th Cir. 2006)).

disciplinary procedures, necessary to prevent the unconstitutional conduct herein described directly, and therefore constitutes the moving and proximate force of injury to the Plaintiff by depriving him of his rights afforded to him under the first and fourteenth amendments to the Constitution of the United States.

42. As a direct and proximate result of the policies, practices and customs of **DEFENDANT OAKLAND COUNTY**, the Plaintiff suffered damages as have been previously described herein.

## VI. RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that the Court **GRANT** the following relief **AGAINST** each Defendant jointly and severally for:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees under 42 U.S.C. § 1988 for work expended by any attorney who may subsequently represent Plaintiff in the instant action, and the costs and disbursements of this action; and

(D) any such other relief as appears just and proper.

Respectfully submitted,

Dated: March 21, 2023
/s/ Lee Roy Stallman
LEE ROY STALLMAN
Plaintiff, *pro se*

## VII. VERIFICATION

I, Lee Roy Stallman, this 21st day of March, 2023, declare under the penalties for perjury and state that the facts set forth above are true and correct to the best of my own knowledge, information and belief.

/s/ Lee Roy Stallman
LEE ROY STALLMAN
Declarant

## VIII.  <u>JURY DEMAND</u>

Plaintiff does **HEREBY DEMAND** trial by jury on the issues of liability and damages.

Respectfully submitted,

Dated: March 21, 2023                    <u>*/s/ Lee Roy Stallman*_____</u>
LEE ROY STALLMAN
Plaintiff, *pro se*