UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LEE ROY STALLMAN**

        Plaintiff,

-vs-

**OAKLAND COUNTY,
OAKLAND COUNTY SHERIFF
DEPUTY-DARIUS ZAJAC,**
Individually and/or in their Official Capacities,
Jointly and Severally,
**PRESENT AND FORMER
YET UNIDENTIFIED MEMBERS OF
OAKLAND COUNTY SHERIFF,**
Individually and/or in their Official Capacities,
Jointly and Severally**,**

        Defendants.

Case No. 22-12635-SFC-APP
Hon. Sean F. Cox
Mag. Anthony P. Patti

_____/

| | |
|---|---|
| Lee Roy Stallman | Solon M. Phillips (P65035) |
| Pro Se | Oakland County Corporation Counsel |
| 30420 Dequindre, #2 | Aaron C. Thomas (P55114) |
| Warren, MI  48092 | Oakland County Deputy Corporation Counsel |
| (248) 521-0662 | Kyle Heika (P78833) |
| leeroystallman@yahoo.com | Assistant Oakland County Corporation Counsel |
| | Attorney for Defendants Oakland County and |
| | Oakland County Sheriff Deputy Darius Zajac |
| | 1200 N. Telegraph Rd, Bldg. 14E |
| | Pontiac, MI 48341-0419 |
| | (248) 975-9616 |
| | (248) 858 4097 |
| | heikak@oakgov.com |

_____/

## **DEFENDANT OAKLAND COUNTY'S SECOND MOTION TO DISMISS**

1

Defendant Oakland County brings this second motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and states:

1. Plaintiff filed his First Amended Complaint on March 21, 2023, (ECF No. 22) rendering Defendant Oakland County's pending first Motion To Dismiss (ECF No. 19) as moot.

2. Defendant now brings this second motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) upon the same legal basis as ECF No. 19.

3. In accordance with LR 7.1 Defendant's Counsel contacted Plaintiff by email and explained the nature of the motion and its legal basis. Defendant's Counsel was unbale to obtain concurrence.

4. Defendant explains its arguments in the accompanying brief.

WHEREFORE, Defendant OAKLAND COUNTY requests that this Honorable Court grant the motion, dismiss it from this case with prejudice, and provide any other relief as the Court deems just and equitable.

Respectfully submitted,

OAKLAND COUNTY CORPORATION COUNSEL

*/s/Kyle Heika*
Kyle Heika (P78833)
Oakland County Assistant
Corporation Counsel Attorney
for Defendants
1200 N. Telegraph Road, Dept. 419
Pontiac, MI 48341-0419

Dated:  4/5/2023

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**LEE ROY STALLMAN**

        Plaintiff,

-vs-

**OAKLAND COUNTY,
OAKLAND COUNTY SHERIFF
DEPUTY-DARIUS ZAJAC,**
Individually and/or in their Official Capacities,
Jointly and Severally,
**PRESENT AND FORMER
YET UNIDENTIFIED MEMBERS OF
OAKLAND COUNTY SHERIFF,**
Individually and/or in their Official Capacities,
Jointly and Severally**,**

        Defendants.

Case No. 22-12635-SFC-APP
Hon. Sean F. Cox

_____/

| | |
|---|---|
| Lee Roy Stallman | Solon M. Phillips (P65035) |
| Pro Se | Oakland County Corporation Counsel |
| 30420 Dequindre, #2 | Aaron C. Thomas (P55114) |
| Warren, MI  48092 | Oakland County Deputy Corporation Counsel |
| (248) 521-0662 | Kyle Heika (P78833) |
| leeroystallman@yahoo.com | Sr. Assistant Oakland County Corporation Counsel |
| | Attorney for Defendants Oakland County and |
| | Oakland County Sheriff Deputy Darius Zajac |
| | 1200 N. Telegraph Rd, Bldg. 14E |
| | Pontiac, MI 48341-0419 |
| | (248) 975-9616 |
| | (248) 858 4097 |
| | heikak@oakgov.com |

_____/

1

# BRIEF IN SUPPORT OF DEFENDANT OAKLAND COUNTY'S SECOND MOTION TO DISMISS

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ………………………………….……………... 2

QUESTION PRESENTED …………………………………….…………….. 4

LEGAL STANDARD …………………………………………….………….. 4

STATEMENT OF FACTS …………………………………….……….. 5

ARGUMENT ……………………………………………………………… 5

DISCUSSION …………………………………………………….…….. 7

I.   The Complaint Fails to Plead a Plausible Monell Claim …………………. 7

# INDEX OF AUTHORITIES

Albright v. Oliver,
    510 U.S. 266 (1994) ................................................................................ 7

Ashcroft v. Iqbal,
    556 U.S. 662, 129 S. Ct. 1937 (2009) ...................................................... 5, 8, 8

Bell Atl. Corp. v. Twombly,
    550 U.S. 544, 127 S. Ct. 1955 (2007) ...................................................... 5, 6, 6

Bickerstaff v. Lucarelli,
    830 F.3d 388 (6th Cir. 2016) .................................................................... 10

Bryan City v. Brown, 520 U.S. 397, 410, 117 S. Ct. 1382 (1997) ......................... 13

City of Canton v. Harris, 489 U.S. 378, 380, 109 S. Ct. 1197, 1200 (1989) ......... 13

Connick v. Thompson,

563 U.S. 51, 131 S. Ct. 1350 (2011) .................................................................. 13

Curney v. City of Highland Park,
   No. 11-12083, 2012 U.S. Dist. LEXIS 45121 (E.D. Mich. Mar. 30, 2012)
   ........................................................................................................................ 12, 12

D'Ambrosio v. Marino,
   747 F.3d 378 (6th Cir. 2014) ............................................................................. 9

Doe v. Claiborne Cnty., 103 F.3d 495 (6th Cir. 1996) ......................................... 13

Fed. R. Civ. P. 12 ...................................................................................... 13, 2, 7

Frengler v. GM,
   482 F. App'x 975 (6th Cir. 2012) ...................................................................... 7

Garretson v. City of Madison Heights,
   407 F.3d 789 (6th Cir. 2005) ..................................................................... 11-12

Haines v. Kerner,
   404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) ...................................... 7

Hays v. Jefferson Cnty.,
   668 F.2d 869 (6th Cir. 1982) ........................................................................... 13

Miller v. Calhoun Cnty.,
   408 F.3d 803 (6th Cir. 2005) ........................................................................... 12

Monell v Dep't of Soc. Servs.,
   436 U.S. 658 (1978) ................................................................................ 5, 9, 12

Rodgers v. Cnty. of Oakland,
   No. 18-cv-12832, 2019 U.S. Dist. LEXIS 134944 (E.D. Mich. Aug. 12, 2019)
   ........................................................................................................................... 13

Rogers v. Det. Police Dep't,
   595 F. Supp. 2d 757 (E.D. Mich. 2009) ........................................................... 7

Sanders v. City of Memphis,
   No. 2:21-cv-02585-MSN-cgc, 2022 U.S. Dist. LEXIS 178713 (W.D. Tenn.
   Sept. 30, 2022) ................................................................................................. 11

Shorts v. Bartholomew, 255 F. App'x 46, 58 (6th Cir. 2007) ............................... 11

Slusher v. Carson,
   540 F.3d 449 (6th Cir. 2008) ........................................................................... 12

3

Thomas v. City of Chattanooga,
 398 F.3d 426 (6th Cir. 2005) ............................................................... 13, 10, 11

## QUESTION PRESENTED

1. Has Plaintiff failed to plead a valid *Monell* claim against Defendant Oakland County?
Answer: Yes

## LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6)
*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)
*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009)
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)

4

## STATEMENT OF FACTS

In Plaintiff's First Amended Complaint (ECF No. 22) he alleges that on November 1, 2019, he encountered Defendant Deputy Zajac at Mullins Ct. and Oakwood streets in Oxford. (*Id.* PageID.363). He was attempting to record his encounter with Defendant Zajac. (*Id.* PageID. 364). Defendant Zajac approached him, tased him, and arrested him without probable cause. (*Id.* PageID. 363-365). The next day Plaintiff was criminally charged with resisting a police officer. (*Id.* PageID. 366). That criminal case resulted in a dismissal with prejudice after pre-trial motion hearing at the Oakland County Circuit Court in December of 2021. (*Id.* PageID.367).

In his fourth cause of action Plaintiff claims Defendant Oakland County "acting through its supervisory officers and officials, by its own customs, policies or practices, failed to establish, maintain or enforce proper police procedures, hiring standards and practices, training practices, as well as disciplinary procedures…" (*Id.* PageID. 370).

## ARGUMENT

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint

states a valid claim for relief. *Albright v. Oliver*, 510 U.S. 266 (1994). To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

The Court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). However, even in pleadings drafted by pro se parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. GM*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Furthermore, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Det. Police Dep't*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009).

"[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 679

(cleaned up). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. Determining whether a complaint states a plausible claim for relief will . . . be a context- specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief. *Id*.

Plaintiff has merely made conclusory claims of municipal custom, policy, and practice but has not supported those claims with any specific allegations or facts. A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*.

## **DISCUSSION**

### I. The Complaint Fails to Plead a Plausible *Monell* Claim

A local governing body is a "person" within the meaning of "§ 1983." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690, 98 S. Ct. 2018 (1978).

7

Defendants may not be held liable for the unconstitutional conduct of others under a theory of respondeat superior or vicarious liability. *Iqbal,* 556 U.S. at 676; *Monell* 436 U.S. 658. A municipality may only be held liable under § 1983 in four ways: the plaintiff may prove (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations. *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014). In addition for a municipality to be held liable, a plaintiff must show that through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. *Id*.

Plaintiff's "Statement of Facts" (ECF No. 22 PageID. 361-367) does not include a single fact attributable to Defendant Oakland County. His only allegations and complaints of action or non-action pertain specifically to the actions of Defendant's employee. As there are no facts pled specific to Oakland County, Plaintiff merely attempts to impute liability on the municipality by a theory of respondeat superior or vicarious liability, which is expressly prohibited by *Iqbal*. Furthermore, *Iqbal* prohibits the imputing of liability by threadbare recital of a cause of action supported by mere conclusory statements, which is exactly the case here.

Plaintiff's seemingly raises all four theories of Monell liability in his threadbare pleading but has failed to plead sufficient facts establishing a plausible claim under any theory. First, he has failed to identify an official illegal policy at the Oakland County Sheriff's Office (OSCO). There is no factual allegation that OCSO maintains an official illegal policy to arrest people without probable cause or a policy to arrest people when they are trying to record their interactions with deputies without probable cause. Second, he has failed the requirement to identify a supervisory official, and to factually establish how that official ratified the alleged illegal actions.

Plaintiff's third and fourth theories as pled fall under the "inaction theory" of *Monell* liability as discussed in *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005), where there is an allegation of a policy or custom of tolerating federal rights violations which is unwritten but nevertheless entrenched. The "inaction theory" applies to claims of a policy of inadequate training or supervision. *Bickerstaff v. Lucarelli*, 830 F.3d 388, 402 (6th Cir. 2016). To state a municipal liability claim under an "inaction theory", a plaintiff must establish: (1) the existence of a clear and persistent pattern of [illegal activity]; (2) notice or constructive notice on the part of the [defendant]; (3) the [defendant's] tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and (4)

9

that the [defendant's] custom was the "moving force" or direct causal link in the constitutional deprivation. *Thomas*, 398 F.3d at 429 (citing *Doe v. Claiborne Cnty.*, 103 F.3d 495, 508 (6th Cir. 1996)). Plaintiff has not "reached beyond the facts of this case to show any possibility of a pattern.". *Id.*

In *Monell* the unconstitutional behavior of the City of New York affected an ***entire class*** of female employees at the Department of Social Services and the Board of Education where an official policy compelled pregnant employees to take unpaid leaves of absence before such leaves were required for medical reasons. Unlike the entire class of *Monell* plaintiffs, Plaintiff in this matter has only pled facts specific to one occurrence and allegations of constitutional rights violations specific to him.

The Sixth Circuit has consistently affirmed lower courts' decisions to grant motions to dismiss in similar cases where the plaintiff "has only his experience on which to rely" and does not allege "similar incidents" involving others. *Sanders v. City of Memphis*, No. 2:21-cv-02585-MSN-cgc, 2022 U.S. Dist. LEXIS 178713, at *5 (W.D. Tenn. Sept. 30, 2022) (citing *Shorts v. Bartholomew*, 255 F. App'x 46, 58 (6th Cir. 2007)); *Garretson v. City of Madison Heights*, 407 F.3d 789, 795-96 (6th Cir. 2005) ("But we have never found notice of a pattern of misconduct (or the pattern itself) solely from the mistreatment of the plaintiff."). Again, a municipality

"may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell,* 436 U.S. at 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611, 98 S. Ct. 2018.

Plaintiff's Complaint fails to establish even a second individual whose constitutional rights were found to have been violated by Oakland County when a deputy arrested them without probable cause while they attempted to record their interaction with a deputy. Plaintiff must allege prior instances of unconstitutional conduct demonstrating that Oakland County was aware of and ignored constitutional violations similar to the ones at issue in this case and was clearly on notice that training in this area was inadequate and likely to cause injury. *Slusher v. Carson*, 540 F.3d 449, 457 (6th Cir. 2008). He has failed to do so. Plaintiff cannot allege a municipal liability claim hoping that discovery will reveal facts to support the claim. *Curney v. City of Highland Park*, No. 11-12083, 2012 U.S. Dist. LEXIS 45121, at *12 (E.D. Mich. Mar. 30, 2012). A lawsuit is not a fishing expedition for a plaintiff to discover a claim against the defendant. *Id.* Absent evidence of a "history of similar incidents" or notice, or evidence that the governmental entity's "failure to take meliorative action was deliberate," Plaintiff's third and fourth theories of municipal liability under § 1983 fail on the pleading. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 816 (6th Cir. 2005).

Further, "Deliberate indifference" is a "stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his

action." *Connick v. Thompson*, 563 U.S. 51, 61, 131 S. Ct. 1350 (2011) (citing *Bryan City v. Brown*, 520 U.S. 397, 410, 117 S. Ct. 1382 (1997)). In order to show "deliberate indifference," Plaintiff must show that there was a complete failure to train or the training was so grossly negligent that "police misconduct is almost inevitable" or "substantially certain to result." *Hays v. Jefferson Cnty.*, 668 F.2d 869, 874 (6th Cir. 1982). Again, Plaintiff cannot rely solely on a single instance to infer a policy of deliberate indifference." (***emphasis added***) *Thomas*, 398 F.3d at 426 (citing *Doe v. Claiborne Cnty.*, 103 F.3d 495 (6th Cir. 1996)). Permitting Plaintiff's claim to go forward "on a lesser standard of fault would result in de facto respondeat superior liability on municipalities" - a result the United States Supreme Court rejected in *Monell. City of Canton v. Harris*, 489 U.S. 378, 380, 109 S. Ct. 1197, 1200 (1989).

Plaintiff has failed to plead sufficient facts to "nudge" his claims over the threshold from possible to plausible. *Rodgers v. Cnty. of Oakland*, No. 18-cv-12832, 2019 U.S. Dist. LEXIS 134944, at *24 (E.D. Mich. Aug. 12, 2019).

## **CONCLUSION**

Defendant OAKLAND COUNTY respectfully request that this Honorable Court dismiss it from this lawsuit pursuant to Fed. R. Civ. P. 12(b)(6) as the pleading fails to state a valid claim against OAKLAND COUNTY upon which relief can be granted.

Respectfully submitted,

OAKLAND COUNTY CORPORATION COUNSEL

*/s/Kyle Heika*
Kyle Heika (P78833)
Oakland County Assistant
Corporation Counsel
Attorney for Defendants
1200 N. Telegraph Road, Dept. 419
Pontiac, MI 48341-0419

Dated: 4/5/2023

## CERTIFICATE OF SERVICE

I hereby certify that on 4/5/2023, I electronically filed the foregoing document (Motion To Dismiss) with the Clerk of the Court using the ECF System which will send notification of such filing to the attorney(s) of record, and I hereby certify that I have emailed the same to Plaintiff.

Respectfully submitted,

OAKLAND COUNTY CORPORATION COUNSEL

*/s/Kyle Heika*
Kyle Heika (P78833)
Oakland County Assistant Corporation
Counsel Attorney for Defendants
1200 N. Telegraph Road, Dept. 419
Pontiac, MI 48341-0419

Dated: 4/5/2023