## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Lee Roy Stallman,

     Plaintiff,

                          Civil Action No. 22-12635

v.                        Honorable Jonathan J.C. Grey

Oakland County et al.,

     Defendants.

_____/

## ORDER GRANTING DEFENDANT OAKLAND COUNTY'S MOTION TO DISMISS (ECF No. 25)

Plaintiff Lee Roy Stallman brough this civil rights action pro se against defendants Oakland County, Michigan, and Sheriff Deputy Darius Zajac, in his official and individual capacities.[1] (ECF No. 22.) Oakland County filed a motion to dismiss on April 5, 2023. (ECF No. 25.) For the following reasons, the Court **GRANTS** the motion to dismiss and **DISMISSES** Stallman's claims against Oakland County.

---

[1] Stallman originally filed this complaint pro se. (ECF No. 1.) However, on January 4, 2024, Marc M. Susselman appeared on behalf of Stallman. (ECF No. 29.) However, the complaint and motion to dismiss were filed before Stallman made an appearance so for the purposes of this opinion, the Court will treat this as a pro se complaint.

## I.    Background

The complaint stems from Stallman's November 1, 2019 arrest by Zajac, an Oakland County deputy sheriff. Stallman claims that on October 31, 2019, he called the Oakland County Sheriff's Department to assist with a dispute between Stallman and his former employer, Sweetland Transportation ("Sweetland"). The dispute arose when Stallman attempted to retrieve some personal property, paperwork, and a final paycheck from Sweetland, which he claimed were in Sweetland's possession. Zajac was dispatched and met Stallman at the front of a Sweetland facility. Zajac and Stallman spoke about the specifics of the dispute before heading into the Sweetland facility. After some discussion with Sweetland, Zajac informed Stallman that Sweetland had sent the final paycheck to him and that Sweetland did not have any of his property. Stallman claims that Zajac told him that he was "free to return on Monday to speak with the owner of Sweetland." (ECF No. 22, PageID.363.)

On November 1, 2019, Stallman observed Zajac driving on the road that led to the Sweetland facility. Stallman decided to follow Zajac and saw Zajac stop at the Sweetland facility. Stallman parked away from the

facility but from a vantage point that allowed him to see Zajac's vehicle and the facility. Stallman noted that the vehicle was empty and concluded that Zajac entered the building. While he waited for Zajac to return, Stallman stayed outside his vehicle and began a conversation with an unrelated individual near where Stallman had parked.

At some point, Zajac exited the building, entered his vehicle, and drove to where Stallman was. Stallman then asked Zajac if Zajac was stalking him. Stallman claims that Zajac exited the vehicle and approached him. As Zajac was approaching, Stallman raised his cell phone and told Zajac he was going to call the sheriff's office. He further stated that he was attempting to record the encounter with Zajac. Stallman claims that Zajac attempted to grab the phone. After the first attempt was unsuccessful, Stallman claims that Zajac grabbed Stallman's hand and told him, "you're under arrest." (*Id.*, PageID.364.)

Stallman then claims he asked Zajac why he was under arrest. Zajac purportedly said that he was under arrest for "disorderly" or "disorderly person." (*Id.*) Stallman alleges that Zajac then attempted to tackle Stallman, who dodged the tackle. Next, Stallman states that Zajac yelled at him to "get down on the ground," while pulling a taser from his

3

holster. Stallman claims he complied and knelt on the ground. Stallman asserts that, after he was on both knees, Zajac shot the taser at him and electrocuted him. Zajac then jumped onto Stallman's back and placed handcuffs on him while resting his body weight on Stallman's back, which caused Stallman pain.

Stallman alleges Zajac placed him in cuffs in a painful manner for an unreasonable amount of time while transporting Stallman to the county jail. The next day, on November 2, 2019, Stallman was detained and subsequently charged by the county prosecutor with resisting arrest under Michigan Compiled Laws § 750.81d(1). Stallman claims that Zajac provided knowingly false statements and reports to the county prosecutor in connection with the charge.

On September 21, 2021 the Oakland County Circuit Court ruled that Stallman's arrest was in violation of the Fourth Amendment and granted his motion to suppress. A final order of dismissal with prejudice was issued on December 9, 2021.

Stallman brought this action against Zajac under 42 U.S.C. § 1983 for unlawful arrest and detention under the Fourth Amendment and violations of his First Amendment right to film police activity in public

settings. He further brings *Monell* claims against Oakland County for customs, policies, or practices that resulted in the violation of his rights during the November 1, 2019 arrest.

On April 5, 2023, Oakland County brought a motion to dismiss the *Monell* claim. It argues that Stallman made conclusory claims against it without any specific factual statements to support his legal theory. The Court agrees.

## II.    Legal Standards

The Court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). When assessing a motion to dismiss under Rule 12(b)(6), the Court must give the plaintiff the benefit of the doubt and must accept all the complaint's factual allegations as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Additionally, when deciding whether to dismiss a case, the Court will typically only rely on the facts stated in the complaint. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citations omitted).

Courts hold pro se complaints to a less stringent standard than ones drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even for pro se plaintiffs, "more than bare assertions of legal conclusions" is still required. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

But the Court will not presume the truth of any legal conclusions stated in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the pleaded facts do not raise a right to relief, the Court must grant the motion to dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## IV.  Analysis

Local governments are responsible for their own illegal actions, but they are not vicariously liable for their employees' unconstitutional actions. *D'Ambrosio v. Marion*, 747 F.3d 378, 386 (6th Cir. 2014.) To succeed on a claim for *Monell* liability, the plaintiff must show that a government employee violated the plaintiff's rights pursuant to a custom, policy, or practice of the local government that sanctioned the violation. *Id.* Official government policy includes the decisions of the government's lawmakers, the acts of policymaking officials, and practices that are so

persistent and widespread as to have the force of law. *Id.* (citing *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011)). A plaintiff must adequately allege facts that show such a custom, policy, or procedure. *Id.* at 387.

Here, Stallman falls well short of the pleading requirements on his *Monell* claim. His statement of facts only mentions the actions of individual employees of the county, namely, Zajac and an unnamed county prosecutor. Stallman never alleges that either individual has policymaking authority and, without more, the Court cannot assume they do, even after viewing the complaint in the light most favorable to Stallman under the less stringent pro se pleading standards. Even if he had alleged that either individual was a policymaker, Stallman did not allege that either implemented a policy that sanctioned the conduct alleged.

When stating his cause of action against Oakland County, Stallman only states:

> Oakland County, acting through its supervisory officials and officials, by its own customs, policies or practices, failed to establish, maintain or enforce proper police procedures, hiring standards and practices, training practices, as well as disciplinary procedures, necessary to prevent the unconstitutional conduct herein described directly, and therefore constitutes the moving and proximate force of injury to the Plaintiff by depriving him of his rights afforded to him

7

under the first and fourteenth amendments to the Constitution of the United States.

(ECF No. 22, PageID.369–70.) Nowhere in the rest of the complaint does Stallman name any supervisory officials nor mention any customs, policies, practices, procedures, standards, training materials, or disciplinary procedures. Stallman's statement is a bald legal conclusion, which is the exact kind of claim that should be dismissed under a Rule 12(b)(6) motion.

## VI. CONCLUSION

Accordingly, **IT IS ORDERED** that Oakland County's motion to dismiss (ECF No. 25) is **GRANTED**. Stallman's claim for *Monell* liability against Oakland County is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

<u>s/Jonathan J.C. Grey</u>
Jonathan J.C. Grey
Date: March 19, 2024          United States District Judge

8

<u>Certificate of Service</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 19, 2024.

<u>s/ S. Osorio</u>
Sandra Osorio
Case Manager